Adam J Schwartz (SBN 251831)
adam@ajschwartzlaw.com
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
(323) 455-4016

*Attorney for Plaintiff Ryan McGowan and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCGOWAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A-LIST MARKETING SOLUTIONS INC. d/b/a SAFEGUARD SOLUTIONS<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ryan McGowan ("Plaintiff") by their undersigned counsel, for this class action complaint against A-List Marketing Solutions Inc. d/b/a SafeGuard Solutions and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("SafeGuard Solutions" or "Defendant"), allege as follows:

COMPLAINT - 1

## I.     INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against SafeGuard Solutions for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). SafeGuard Solutions engaged in automated telemarketing in violation of the TCPA using pre-recorded messages that were sent to cellular telephones.

2. SafeGuard also made multiple calls to individuals who had previously indicated their desire to not receive solicitation calls by listing their number on the National Do Not Call Registry, as Plaintiff did.

3. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.     PARTIES

4. Plaintiff Ryan McGowan is an individual.

5. Defendant A-List Marketing Solutions Inc. d/b/a SafeGuard Solutions is a California corporation and has a principal place of business of 12900 Garden Grove Blvd # 214, Garden Grove, CA 92843.

6. SafeGuard Solutions engages in telemarketing from this District, as it did with the Plaintiff.

### III. JURISDICTION AND VENUE

7. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

8. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over SafeGuard Solutions because a substantial part of the wrongful acts alleged in this Complaint were committed from California. Furthermore, SafeGuard Solutions is a resident of this District.

9. <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to Plaintiff's claims occurred from this District.

### IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to

persons who receive calls in violation of Section 227(b)(1)(A). 47 U.S.C. § 227(b)(3).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote omitted).

15. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

16. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

17. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

18. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V. FACTUAL ALLEGATIONS

19. SafeGuard Solutions offers warranty services.

20. One of SafeGuard Solutions's strategies for marketing its services and generating new customers is telemarketing.

21. SafeGuard Solutions's telemarketing includes the use of pre-recorded messages to generate new business.

22. Recipients of these calls, including Plaintiff, did not consent to receive such telephone calls.

23. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**Calls to Plaintiff**

24. Plaintiff's telephone number, (716)-868-XXXX, is registered to a cellular telephone service.

25. The number is a residential line.

26. It is not associated with a business and is used by Mr. McGowan only.

27. The telephone number has been on the National Do Not Call Registry for more than 31 days prior to the calls at issue.

28. At the beginning of May of 2021, the Plaintiff received a series of pre-recorded calls on his cell phone.

29. The pre-recorded messages advertised the need to renew an apparently expiring warranty.

30. However, the company sending the messages was not identified.

31. On May 21, 2021, the Plaintiff responded to the recorded message in order to identify the company sending the messages.

32. The caller advertised the Defendant's services.

33. The caller then sent an e-mail promoting the Defendant's services from info@safeguardsolutions.com.

34. That is a website owned and operated by the Defendant.

35. The Plaintiff did not provide his prior express written consent to SafeGuard Solutions to receive the call.

36. Mr. McGowan received similar calls on March 5, 17, 19 and April 15, 2021.

37. Plaintiff and all members of the Class, defined below, have been harmed by the acts of SafeGuard Solutions because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

### VI. CLASS ACTION ALLEGATIONS

38. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Classes (the "Classes") defined as follows:

**Pre-Recorded Call Class:** All persons to whom: (a) SafeGuard Solutions and/or a third party acting on SafeGuard Solutions' behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) through the use of an artificial or prerecorded voice; (d) at any time in the last four years through the date of trial.

**National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

39. <u>Numerosity</u>. The Classes are so numerous that joinder of all its members is impracticable. On the basis of SafeGuard Solutions' *en masse* calling practices, the Class has at least hundreds of members.

40. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a.    Whether multiple telemarketing telephone calls were made promoting the goods or services to members of the National Do Not Call Registry Class;

    b.    Whether SafeGuard Solutions used a prerecorded voice:

    c.    Whether SafeGuard Solutions purchased batches of leads of prospects who had not consented to be called by it;

    d.    Whether SafeGuard Solutions and/or its affiliates or agents, and/or other persons or entities acting on SafeGuard Solutions' behalf, knowingly

COMPLAINT - 8

and/or willfully violated 47 U.S.C. § 227(b)(1)(A) by making any call, except for emergency purposes, to a cellular telephone number using an artificial or prerecorded voice, thus entitling Plaintiff and the Class to treble damages;

   e. Whether SafeGuard Solutions and/or its affiliates, agents, and/or other persons or entities acting on SafeGuard Solutions' behalf should be enjoined from using pre-recorded messages in the future.

41. <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims and those of the Classes arise out of the same course of conduct by SafeGuard Solutions and are based on the same legal and remedial theories.

42. <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained competent and capable counsel with experience in TCPA and consumer class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel has interests contrary to or conflicting with those of the proposed Classes.

43. <u>Predominance</u>. SafeGuard Solutions has engaged in a common course of conduct toward Plaintiff and members of the Classes.  The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.  For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these

common issues in a single action has important and desirable advantages, including judicial economy.

44. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel SafeGuard Solutions to comply with the TCPA.  The interest of individual members of the Classes in individually controlling the prosecution of separate claims against SafeGuard Solutions is small because the damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages.

45. <u>Injunctive and Declaratory Relief is Appropriate</u>. SafeGuard Solutions has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

## VII. FIRST CAUSE OF ACTION
**(Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) on behalf of the Pre-Recorded Call Class)**

46. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

47. The foregoing acts and omissions of SafeGuard Solutions and/or its affiliates or agents, and/or other persons or entities acting on SafeGuard Solutions' behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency calls to the cellular telephone numbers of Plaintiff and members of the Pre-Recorded Call Class using an artificial or prerecorded voice.

48. As a result of violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by SafeGuard Solutions and/or its affiliates or agents and/or other persons or entities acting on its behalf, Plaintiff and members of the Pre-Recorded Call Class are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff and members of the Pre-Recorded Call Class are also entitled to and do seek injunctive relief prohibiting SafeGuard Solutions, its affiliates and agents, and/or any other persons or entities acting on its behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice.

50. As a result of knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by SafeGuard Solutions, its affiliates or agents, and/or other persons or entities acting on its behalf, Plaintiff and members of the Pre-Recorded

Call Class are entitled to treble damages of up to $1,500 for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

51. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

52. Defendant violated the TCPA and the Regulations by making, or having their agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

53. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff and Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

55. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Classes, prays for judgment against SafeGuard Solutions as follows:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that actions complained of herein by SafeGuard Solutions and/or its affiliates, agents, or related entities violate the TCPA;

E. An order enjoining SafeGuard Solutions and its affiliates, agents and related entities from using pre-recorded messages to call cellular telephones, absent emergency circumstances and prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future;

F. Leave to amend this Complaint to conform to the evidence presented at trial; and

G.   Orders granting such other and further relief as the Court deems necessary, just and proper.

## IX.   DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 30th day of June, 2021.

By: /s/ ASchwg

Anthony Paronich *Subject to Pro Hac Vice*
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:   (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*