**MURCHISON & CUMMING LLP**
ANTON N. HANDAL (SBN 113812)
thandal@Murchisonlaw.com
GEORGIANA A. NIKIAS (SBN 283718)
gnikias@murchisonlaw.com
750 B St, Ste 2550
San Diego, California 92101-8160
Tel: 619.544.6838
Fax: 619.544.1568

Attorneys for Defendant A-LIST MARKETING SOLUTIONS, INC. d/b/a SAFEGUARD SOLUTIONS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCGOWAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>A-LIST MARKETING SOLUTIONS, INC. d/b/a SAFEGUARD SOLUTIONS,<br><br>    Defendant. | Case No.: 8:21-cv-1134-CJC (ADSx)<br><br>**DEFENDANT SA-LIST MARKETING SOLUTIONS, INC.'S ANSWER TO COMPLAINT**<br><br>Complaint filed: June 30, 2021 |

Defendant SA-LIST MARKETING SOLUTIONS, INC. d/b/a SAFEGUARD SOLUTIONS ("Defendant") hereby answers the Complaint of Plaintiff Ryan McGowan ("Plaintiff") as follows.

1. The matters asserted in paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring the claims he alleges but denies any violation or liability.

2. The matters asserted in paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring a claim under the TCPA but denies any violation or liability.

3. The matters asserted in paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the matters asserted in paragraph 3 of the Complaint.

4. The matters asserted in paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information to admit or deny the matters asserted in paragraph 4 of the Complaint.

5. Admit.

6. Defendant admits that it contacted Plaintiff. Defendant denies the remaining matters asserted in paragraph 6 of the Complaint.

7. The matters asserted in paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

8. The matters asserted in paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

9. The matters asserted in paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

10. The matters asserted in paragraph 10 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

11. The matters asserted in paragraph 11 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

12. The matters asserted in paragraph 12 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

13. The matters asserted in paragraph 13 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

14. The matters asserted in paragraph 14 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

15. The matters asserted in paragraph 15 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

16. The matters asserted in paragraph 16 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

17. The matters asserted in paragraph 17 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

18. The matters asserted in paragraph 18 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

19. Admit.

20. Deny.

21. Deny.

22. Deny.

23. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 24 of the Complaint and therefore denies the same.

25. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 25 of the Complaint and therefore denies the same.

26. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 26 of the Complaint and therefore denies the same.

27. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 27 of the Complaint and therefore denies the same.

28. Defendant admits that it placed on telephone call to Plaintiff but that it was not pre-recorded. Defendant denies that Plaintiff received a series of pre-recorded calls.

29. Deny.

30. Deny.

31. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 31 of the Complaint and therefore denies the same.

32. Admit.

33. Defendant denies that it sent an email promoting its services to Plaintiff. Plaintiff would have only received an email from info@safeguardsolutions.com if he

purchased something. Defendant admits that info@safeguardsolutions.com is an email address used by Defendant.

34. Defendant denies that info@safeguardsolutions.com is a website. Defendant admits that it has a website.

35. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 36 of the Complaint and therefore denies the same.

36. Deny.

37. Defendant is without information sufficient to admit or deny the matters asserted in paragraph 22 of the Complaint and therefore denies the same.

38. The matters asserted in paragraph 38 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

39. The matters asserted in paragraph 39 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

40. The matters asserted in paragraph 40 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

41. The matters asserted in paragraph 41 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

42. The matters asserted in paragraph 42 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

43. The matters asserted in paragraph 43 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

44. The matters asserted in paragraph 44 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

45. The matters asserted in paragraph 45 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

46. The matters asserted in paragraph 46 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

47. Deny.

48. The matters asserted in paragraph 48 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

49. The matters asserted in paragraph 49 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

50. The matters asserted in paragraph 50 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

51. The matters asserted in paragraph 51 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

52. Deny.

53. The matters asserted in paragraph 53 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

54. The matters asserted in paragraph 54 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

55. The matters asserted in paragraph 55 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the same.

**AFFIRMATIVE DEFENSES**

A. All allegations set forth in the Complaint that have not been specifically admitted by Defendant are hereby denied.

B. Plaintiff's Complaint fails to state a cause of action pursuant to Federal Rules of Civil Procedure 12(b)(6) as it, in whole or in part, states mere legal conclusions without sufficient factual support necessary to allege a cause of action and fails to state a claim upon which relief can be granted.

C. Plaintiff may lack standing to bring any one or more of the claims he has asserted.

D. Plaintiff's Complaint is bared, in whole or in part, by the doctrines of waiver, estoppel, and unclean hands.

E. Defendant states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages. Alternatively, Defendant asserts that any such damages incurred were not reasonable foreseeable and that Plaintiff has failed to mitigate his damages, if any.

F. Defendant states that to the extent that it has inadvertently violated the TCPA, such violation was accidental and unintentional.

G. Defendant states that to the extent it has inadvertently violated the TCPA, this was caused by the actions of third-parties.

H. Defendant states that to the extent that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA. Pursuant

1  to that rulemaking authority, the FCC also issues orders providing guidance on
2  interpretation and compliance with its provisions. In an Order entered in 1992, the
3  FCC stated: "[P]ersons who knowingly release their phone numbers have in effect
4  given their invitation or permission to be called at the number which they have given,
5  absent instructions to the contrary." Id.

6      I.    Defendant states that Plaintiff's TCPA claim may be barred by his
7  consent.

8      J.    Defendant presently has insufficient knowledge or information upon
9  which to form a belief as to whether it may have additional, as of yet unstated,
10 affirmative defenses available. Defendant hereby reserves the right to assert additional
11 affirmative defenses in the event discovery indicates that they would be appropriate.

12     WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

13     1.    That the Complaint be dismissed, with prejudice and in its entirety;

14     2.    That Plaintiff take nothing by reason of the Complaint;

15     3.    That Defendant be awarded its costs incurred in defending this action;

16     4.    That Defendant be granted such other and further relief as the Court may
17 deem just and proper.

18 Dated: August 20, 2021August 19, 2021   **MURCHISON & CUMMING LLP**

By:*/s/Georgiana A. Nikias*
Anton N. Handal
Georgiana A. Nikias
Attorneys for Defendant A-LIST
MARKETING SOLUTIONS, INC. d/b/a
SAFEGUARD SOLUTIONS

**DEFENDANT A-LIST MARKETING SOLUTIONS, INC.'S ANSWER TO COMPLAINT**