Adam J Schwartz (SBN 251831)
5670 Wilshire Blvd., Suite 1800
Los Angeles, CA 90036
adam@ajschwartzlaw.com
(323) 455-4016

*Attorney for Plaintiff Ryan McGowen and
the Proposed Class*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN MCGOWEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A-LIST MARKETING SOLUTIONS INC. d/b/a SAFEGUARD SOLUTIONS<br><br>Defendant. | Case No. 8:21-cv-1134-CJC-ADS<br><br>**JOINT SCHEDULING REPORT AND DISCOVERY PLAN**<br><br>Judge: Honorable Cormac J. Carney |

Pursuant to Federal Rules of Civil Procedure 16, 26(f) and Local Rule 26-1, Plaintiff Ryan McGowen and A-List Marketing Solutions Inc. d/b/a SafeGuard Solutions (hereinafter, "Safeguard Solutions" submit the following joint scheduling report and discovery plan:

a.    <u>Statement of the Case</u>: This is a putative class action alleging that SafeGuard Solutions is liable for sending telemarketing calls, including those with pre-recorded messages, to consumers, including those who registered their phone numbers on the National Do Not Call registry, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.  The Complaint includes one claim for violations of the TCPA's restriction of making telemarketing calls to persons whose numbers are registered on the National DNC registry and another claim for making pre-recorded calls to consumers. The Plaintiff seeks to represent the following putative classes:

> **<u>Pre-Recorded Call Class:</u>** All persons to whom:  (a) SafeGuard Solutions and/or a third party acting on SafeGuard Solutions' behalf made one or more non-emergency telephone calls; (b) to their cellular telephone numbers; (c) through the use of an artificial or prerecorded voice; (d) at any time in the last four years through the date of trial.

> **<u>National Do Not Call Registry Class</u>**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

b.    <u>Subject Matter Jurisdiction</u>: This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227.

-2-

Joint Scheduling Report and Discovery Plan
Case No. 8:21-cv-1134-CJC-ADS

c.   <u>Legal Issues</u>: The key legal issues anticipated by the parties follow:

(a)   Were the calls made with a pre-recorded voice?

(b)   Were the calls made to numbers on the National Do Not Call Registry?

(c)   Was the purpose of the calls telemarketing?

(d)   Were the calls necessitated by an emergency?

(e)   Had the called parties provided prior express written consent?

(f)   Were Defendant's violations of the TCPA knowing or willful?

(g)   Should Defendant be enjoined?

(h)   Should class certification be granted?

(i)   Were the calls, if made at all, made to cell phone numbers?

d.   <u>Damages</u>:   Plaintiff and the putative Class are entitled to between $500 and $1,500 for each violation of the Telephone Consumer Protection Act by Defendant.

e.   <u>Insurance</u>: There is no applicable insurance.

f.   <u>Motions</u>: The parties do not anticipate filing any motions to add parties or claims, amend pleadings or transfer venue.

g.   <u>Dispositive Motions</u>: Plaintiff anticipates moving for class certification and may move for summary judgment on its claim. Defendant may oppose the class certification and may move for summary judgment.

-3-

h.     <u>Complexity</u>: This is a putative class action alleging violations of the Telephone Consumer Protection Act.  The parties do not believe that this action requires the use of the manual for complex litigation.

i.     <u>Status of Discovery</u>:  The plaintiff served discovery following the 26(f) conference.  The parties anticipate exchanging initial disclosures by October 6, 2021.

j.     <u>Discovery Plan</u>:

(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

The parties have agreed to exchange initial disclosures in the form required by Rule 26(a) by October 6, 2021.

(B) the subjects on which discovery may be needed:

*Plaintiff*:  Plaintiff will be serving discovery directed primarily towards Defendant's defenses to Plaintiff's claims, identifying all parties involved in the making of telemarketing calls by or on behalf of Defendant, including information relating to the instructions to make the calls and/or Defendant's ratification of the calls, as well as information sufficient to identify the recipients of the calls. This written discovery will seek information maintained by Defendant, any agent of Defendant, and vendors from whom Defendant and its realtors obtain products and

-4-

Joint Scheduling Report and Discovery Plan
Case No. 8:21-cv-1134-CJC-ADS

services. Plaintiff then intends to depose Defendant relating to its defenses, direction and ratification of its calling practices, and the calls at issue, and serve additional written discovery as necessary. Plaintiff will also depose Defendant's agents and the third party vendors supplying leads and dialers to Defendant and its realtors.  Finally, Plaintiff intends to obtain written discovery regarding, and the depositions of, any experts retained by Defendant in connection with Plaintiff's and the Class's claims.

*Defendant*: Defendant will be serving discovery directed primarily towards Plaintiff(s)' claims, identifying all plaintiffs involved, including information related to plaintiffs' telephone numbers, ownership of the telephone numbers alleged by plaintiff(s) calls made to those numbers by Defendant (if any), whether class certification should be granted, and whether plaintiff(s)' express prior written consent to be contacted at their respective telephone numbers (if contacted at all). Defendant intends to depose plaintiff(s) relating to their claims. Finally, Defendant intends to obtain written discovery regarding, and the depositions of, any experts retained by plaintiff(s) in connection with Plaintiff's and the Class's claims.

(C)    any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

-5-

Joint Scheduling Report and Discovery Plan
Case No. 8:21-cv-1134-CJC-ADS

The parties have not presently identified any potential issues relating to the preservation of discoverable information, and agree to take required measures to ensure preservation of relevant information.  The parties will endeavor to jointly prepare a suitable ESI protocol for entry by the Court.

> (D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

The parties do not anticipate any issues regarding claims of privilege or of work product protection.  The parties have not yet reached agreement on a procedure to assert claims of privilege or work product after production, but will continue to discuss this issue as discovery proceeds.

> (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

Defendant asserts that financial discovery should be limited to SafeGuard Solutions only and will not extend to the personal financial information of any individual owner of the company.

For information that is deemed confidential by each party, including information that includes the names and telephone numbers of other individuals

-6-

Joint Scheduling Report and Discovery Plan
Case No. 8:21-cv-1134-CJC-ADS

called by defendant and the company's financial information, the parties agree to follow the Model Form Protective Order.

The parties do not believe any other limitations on discovery should be imposed other than as provided in the federal and local rules.

> (F)  any other orders that the court should issue under <u>Rule 26(c)</u> or under <u>Rule 16(b)</u> and <u>(c)</u>:

The parties will endeavor to jointly prepare a suitable protective order for entry by the Court.

k.    <u>Discovery Cut-Off</u>: May 23, 2022.

l.    <u>Expert Discovery</u>:

The parties propose that affirmative expert disclosures should occur by or on April 11, 2022, rebuttal expert disclosure by or on May 2, 2022, and expert discovery cut-off of May 2, 2022.

m.    <u>Settlement Conference/ADR</u>:

The parties have engaged in preliminary settlement discussions, and will continue to discuss settlement as the matter progresses. The parties agree to private mediation of this action and believes that it should take place by April 25, 2022.

n.    <u>Trial Estimate</u>: The parties believe that any trial estimate will be significantly impacted by this Court's ruling on class certification issues. Nevertheless, to comply with the Court's Order, the parties estimate that trial may

-7-

require 3-5 days if the matter proceeds as a class action and 1 day if the matter proceeds as an individual action.

       o.    <u>Trial Counsel</u>: Plaintiff's trial counsel: Anthony Paronich of Paronich Law, P.C..  Defendant's trial counsel: Anton N. Handal and Georgiana A. Nikias of Murchison & Cumming, LLP.

       p.    <u>Independent Expert or Master</u>:  The parties do not believe that the court should consider appointing a master or an independent scientific expert for this case.

       q.    <u>Class Certification</u>: The Plaintiff's deadline for motion for class certification is May 9, 2022. The opposition and reply are due as required by the local rules.

       r.    <u>Other Issues</u>:

The parties have agreed to service of all documents filed on CM/ECF through CM/ECF and service of all other documents by email.

-8-
Joint Scheduling Report and Discovery Plan
Case No. 8:21-cv-1134-CJC-ADS

1

2

3    Respectfully Submitted,

4    Dated: September 21, 2021       By:

5    */s/ Anthony Paronich*

6    Anthony Paronich
     **PARONICH LAW, P.C.**

7    350 Lincoln Street, Suite 2400

8    Hingham, Massachusetts
     Phone: (617) 485-0018

9    anthony@broderick-law.com

10
     *Counsel for Plaintiff and all others similarly*
11   *situated*

12

13   Dated: September 21, 2021       By:

14   */s/ Georgiana A. Nikias*

15   Anton. N. Handal
     Georgiana A. Nikias

16   **MURCHISON & CUMMING, LLP**
     801 S. Grand Ave., 9th Floor

17   Los Angeles, California
     Phone: (213) 623-7400

18   thandal@murchisonlaw.com

19   gnikias@murchisonlaw.com

20
     *Counsel for Defendant*
21

22

23

24

25

26
                              -9-
27   Joint Scheduling Report and Discovery Plan

28   Case No. 8:21-cv-1134-CJC-ADS